### PRESTON, Executor *v.* CHRISTIN et al.

*Where a party is placed on the tableau of distribution of the effects of a succession as a creditor for a certain sum, and the tableau is homologated, the homologation of the tableau is a judgment in favor of the creditor, which, so far as the succession is concerned, cannot be prescribed by less than thirty years.*

APPEAL by the defendants from a judgment of the District Court of Iberville, *Nicholls*, J. *J. M. Jones* and *R. A. Upton*, for the plaintiff. *Labauve*, for the appellants. The judgment of the court was pronounced by

SLIDELL, J. The defendants, administrators of the succession of *Bahamonda*, filed a tableau of distribution in the year 1833, in which, after stating the debts and assetts, they exhibited a balance of a certain sum to be divided among the heirs. Upon this tableau *Layton* was recognized as a mortgage creditor for $1,700, with ten per cent interest. The allowance of interest was opposed; and this opposition having been sustained the tableau was finally homologated, thus leaving *Layton* a mortgage creditor for $1,700. For this amount the present action is brought, and the prayer of the petition is for a joint judgment against the defendants personally and in their capacity of administrators, for the sum of $1,700, with interest from the date of homologation.

This action was not brought until 1848, and the defendants contend that they are protected by the prescription of ten years. The homologation of the tableau was a judgment in favor of *Layton*, which, so far as the succession was concerned, was not prescriptible by less than thirty years. We cannot perceive how the defendants can be permitted to invoke a shorter prescription, while they remained the official representatives of the succession and had obtained no judicial discharge.

The defendants say that, in point of fact, they had not received the funds to pay the plaintiff. If they did not, it was their own fault. Their wives bought a large portion of the property of the succession, and the defendants, if they chose to deliver them the property sold without receiving its price, did so at their own risk.

The defendants claim credit for various alleged payments. The only payment which we consider proved is one made by the delivery of a quantity of sugar to *Layton*. The jury appears to have allowed for this a credit of $540. The application of the appellee to strike off this credit comes too late. An answer to the appeal, praying for an amendment with regard to another item, was seasonably filed by the plaintiff. In that answer the plaintiff expressly acknowledged that the only error in the judgment of the court below was with regard to the item then specified. The supplemental answer to the appeal, which he afterwards prayed leave to file, was inconsistent with the first answer, and was also inadmissible under the 890th article of the Code of Practice.

We think the jury improperly allowed a credit for $580, for an amount which the defendants contend had been collected by the plaintiff's agent from the estate of *Guidry*. *Davis*, who received that sum is proved to have receiv-

ed it in his capacity of administrator of *Guidry's* estate; but there is no proof that, as administrator, he was authorized to pay, or ever did pay, it to *Layton*; or that he ceased to hold it as administrator, and held it as *Layton's* agent.

PRESTON
*v.*
CHRISTIN.

The plaintiff is entitled to interest from the date at which the defendants were put in default.

It is, therefore, decreed that the judgment be reversed, and that the plaintiff recover of the said defendants, *Auguste Christin* and *Valery Duplessis*, the sum of $1080, with interest from the 16th August, 1842, and costs in both courts.